UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEMOND HILL, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL RECEPTION ASSIGNMENT FACILITY, <br><br> Defendant. | Civil No. 05-3860 (AET) <br><br> OPINION |

**APPEARANCES**:

    DEMOND HILL, #955363B, Plaintiff Pro Se
    Central Reception and Assignment Facility
    P.O. Box 7450
    West Trenton, New Jersey 08628

**THOMPSON**, **DISTRICT JUDGE**

    Plaintiff Demond Hill ("Hill"), a prisoner confined at the New Jersey Central Reception and Assignment Facility ("CRAF"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998). Based upon his affidavit of indigence and prison account statement, this Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff; (4) direct the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee payment of $14.80 from Plaintiff's prison account and forward same to the Clerk of the Court, when funds exist in Plaintiff's account; and (5) direct the NJDOC to forward payments from Plaintiff's prison account to the Clerk of the Court each month the

amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation.[1]  See 28 U.S.C. § 1915(a), (b)(1), (b)(2), (b)(4).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A the Court has reviewed the submitted Amended Complaint to identify cognizable claims.  The Court will dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983,[2] for alleged violations of his rights secured by the Constitution and laws of the United States.  Defendant is the Central Reception and Assignment Facility.  Plaintiff appears to assert that he slipped and suffered injuries due to a water problem at CRAF and was only afforded Tylenol for his pain.  (Compl., Paragraphs 4(b) and 6.)

---

[1] The Court's order assesses, but does not require immediate payment of, the initial partial filing fee payment. See 28 U.S.C. §§ 1915(b)(1)(A), 1915(b)(4).  The Court has determined to collect said initial partial payment pursuant to 28 U.S.C. §1915(b)(1) by directing the agency having custody of Plaintiff to deduct it from Plaintiff's prison account, if and when said funds become available.

[2]  42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**II. DISCUSSION**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental entity or employee. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. Id.

A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990)). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Stackhouse, 920 F.2d 1135, 1141-42 (3d Cir.1990).

Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir.1998).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)).

The Court will liberally construe the Complaint as raising the claims of deliberate indifference to Plaintiff's safety and constitutionally defective medical care, in violation of te Eighth Amendment. The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B.  Prison Conditions Relating to Plaintiff's Slip and Fall

In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege both an objective and subjective element. Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997). He must first demonstrate the serious deprivation of a basic human need. See Wilson v. Seiter, 501

U.S. 294, 308 (1991); Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992). "[T]he deprivation caused by the prison official's act or omission [must be] sufficiently serious to result in the denial of the minimal civilized measure of life's necessities." Ingalls, 968 F. Supp. at 198 (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson, 501 U.S. at 304 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996)). He must also show that the official "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls, 968 F. Supp. at 198 (citing Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 305; Nami, 82 F.3d at 67).

Conditions of confinement, whether alone or in combination, can deprive a prisoner of the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). This standard is a dynamic one, since the Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)). The duration of the alleged violation is a particularly important factor to be considered in conducting this examination. "A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87 (1978). Moreover, de minimis deprivations generally will not rise to violations of the Eighth Amendment. Cf. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (excessive force claim).

Applying these principles to the facts in the instant case, the Complaint nowhere permits the inference that Plaintiff was injured because prison personnel were deliberately indifferent to his safety. At most, the Complaint's assertions state nothing more than a claim of negligence, a claim of liability simply not actionable under 42 U.S.C. § 1983. See Davidson v. Cannon, 474 U.S. 344, 347 (1986); Estate of Bailey v. York County, 768 F.2d 503, 508 (3d

Cir.1985); Beswick v. Philadelphia, 185 F. Supp.2d 418, 429 (E.D.Pa. 2001). The Court will dismiss this claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

C. Medical Claim

In order to recover damages and obtain other relief, Plaintiff must show that a Defendant demonstrated "deliberate indifference to [his] serious medical needs." See Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993); Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988). He must show (1) that the Defendants were deliberately indifferent to his medical needs and (2) that those needs were serious. Rouse, 182 F.3d at 197; see also Durmer, 991 F.2d at 67; Boring, 833 F.2d at 471.

A medical need is serious if it has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for treatment. Monmouth County Correctional Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). "In addition, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Id.

Officials' actions rise to the level of "deliberate indifference" if reasonable requests for medical care are refused and the inmate is exposed to undue suffering or the threat of tangible residual injury, or if medical treatment is denied or delayed for non-medical reasons. Monmouth County Correctional Institute Inmates, 834 F.2d at 346-47. To demonstrate deliberate indifference, a defendant "[must] know . . . of and disregard . . . an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v.

Brennan, 511 U.S. 825, 837 (1994).  Non-medical prison personnel will be found to have exhibited deliberate indifference if they "intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to the attendant prison personnel."  See Hodge v. Coughlin, 1994 WL 519902, at * 11 (S.D.N.Y. Sept. 22, 1994), aff'd, 52 F.3d 310 (2d Cir.1995); see also Estelle, 429 U.S. at 104-05, (deliberate indifference can be manifested by an intentional denial or delay in access to medical care).

Applying these principles to the instant case, Plaintiff has not set forth facts sufficient to permit the inference of deliberate indifference to any serious medical need.  While Plaintiff disagrees with the care that was provided, a § 1983 claim cannot be based solely on a prisoner's disagreement with the medical care he received.  See Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); see also Young v. Quinlan, 960 F.2d 351, 358 n. 18 (3d Cir. 1992) (inmate's disagreement with prison personnel over medical judgment does not state a claim for relief under Bivens); Monmouth County Correctional Institute Inmates, 834 F.2d at 346 (mere disagreement about proper medical treatment does not support an Eighth Amendment claim).  At most, the Complaint's assertions state nothing more than a claim of negligence, which simply is not actionable under 42 U.S.C. § 1983.  See Davidson, supra; Estate of Bailey, supra ; Beswick, supra.  As Plaintiff simply has not stated a cognizable medical claim entitling him to relief, the Court will dismiss this claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.[3]

---

[3] In addition, CRAF is not a "person" under 42 U.S.C. §1983, and therefore, not a proper Defendant.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989) (states and governmental entities considered arms of the states are not "persons' under § 1983).

## III. CONCLUSION

Based on the foregoing discussion, the Court will grant in forma pauperis status to Plaintiff and dismiss the Amended Complaint in its entirety for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).

An appropriate Order accompanies this Opinion.

.

                                              s/Anne E. Thompson
                                           **ANNE E. THOMPSON**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED   October 4, 2005**